In the United States District Court for

The District of Columbia

| | |
|---|---|
| United States of America | Criminal No. |
| | 1:15-mj-0084 (AK) |
| v. | |
| Brad Rudolph Rossmann, | Hon. Alan Kay |
| Defendant. | |

---

Defendant's Motion For a Writ of Mandamus Ordering The Provision of Essential Legal Services By The Public Defender.

I. INTRODUCTION

Defendant Brad Rossmann, Esquire,

(1)

A DECORATED FORMER TRIAL ATTORNEY

FOR THE U.S. DEPARTMENT OF JUSTICE,

[HONORS] GRADUATE OF HARVARD LAW SCHOOL,

FORMER "ASSIGNED COUNSEL" FOR A

PUBLIC DEFENDER OFFICE IN NEW YORK,

RECIPIENT OF A COMMUNITY SERVICE

AWARD FROM THE U.S. ATTORNEY

GENERAL FOR HIS WORK IN THE LOCAL

D.C. AFRICAN-AMERICAN COMMUNITY

OF ANACOSTIA, MARYLAND, AND RECENTLY

"OF COUNSEL" FOR TWO (2) NEW YORK

LAW FIRMS, PROCEEDING AS PROSPECTIVE

FARETTA COUNSEL ② AND LEAD COUNSEL,

HEREBY MOVES THIS COURT FOR THE

_____

② FARETTA COUNSEL, LEAD COUNSEL STATUS

HAS ALREADY BEEN CONFERRED IN THE

D.C. SUPERIOR COURT COMPANION CASE.

EXTRAORDINARY RELIEF OF A WRIT

OF MANDAMUS.

FOLLOWING EXTRAORDINARY FAILINGS

BY ASSIGNED COUNSEL FERGUSON EVANS,

ESR. IN THE RELATED, "COMPANION"

CASE IN D.C. SUPERIOR COURT, THE (ZA)

ONLY "ASSIGNED" COUNSEL SUPPORT

POSSIBLE SOURCED FROM THE PUBLIC

DEFENDER'S OFFICE, AND GIVEN A

TRIAL DATE FAST-APPROACHING IN THIS

COURT (AND D.C. SUP. COURT), IMMED-

IATE RELIEF MUST BE ORDERED.

DUE PROCESS AND THE SIXTH

AMENDMENT DEMAND AS MUCH.

(ZA) ROSSMANN HAS RECENTLY MOVED

FOR IMMEDIATE TERMINATION OF EVANS AND

EVEN SANCTIONS.      ZA

P. X —

## II.  BACKGROUND

### A.  De Facto Consolidation of the D.C. Superior Court Proceeding and This Case.

Across plea negotiations, detention hearing proof proffered by the government, and the type of proof underlying the charges in the D.C. Sup. Ct. proceeding and this one, there is already de facto consolidation of the federal and local proceedings in critical respects.[3]

The government has argued its case in both proceedings using staff attorneys from the local ~~of~~ U.S. Attorney's office, and has leveraged a common set of email threads in both proceedings.

---

~~[3]~~ [3] Defendant has made this point in prior motion filings in this court and the local court, including his motion seeking consolidation of the proceedings.  — P. 3 —

Similarly, the obligations of Defendant, his assigned counsel in the local proceeding, and the Public Defensor staff "Attorney" have bridged both proceedings. In answering the Government's charges, framing the body of evidence as sequenced from the

10/2014
10/~~06~~/14 - initiated local Proceeding to the ^(court)

2/~~06~~/15-~~04~~ 2/2015 - initiated federal court proceeding, and preparing for trial and random motion practice, Tony Miles, Esq, Ferguson Evans, Esq, and Brud Rossmann, Esq. have effectively been thrust into a withdrawn, two-part, partially consolidated defensive position -- with option splits and spreads, "gaming", and other complex procedural aspects clouding the waters of what should be a straight-forward, and consolidated, proceeding. (4)

(4) ~~Direct Action~~ ~~xxxxxxxxx~~ to telescope this matter has been taken by Defendant. Beyond motion practice, a number of whistleblower reports to the IRS, and ~~other~~ communications with inspector general —— offices, have ———— P. 4 —— followed.

B. [The] Near-Term Trial Date in the
   Local Court Case, and "Speedy
   Trial" Date Deadlines in this
   Proceeding.

In the local Proceeding, Trial is
set for April 9th, 25 days from Today.
Under the Speedy Trial Rules, 50 and 70 day
deadlines have been reported by the Public
Defender's office. Todd Gee, esq, the AUSA in
this matter, and Bruce Rossmann, esq. have
Negotiated a Plea Bargain and are Very
close on terms. (5)

No reply to Rossmann's Counter-offer
has been received to date, but the scheduled
3/20/15 Status Hearing date may well decide
whether there's a "Deal" or "No Deal".

_____

(5) Gee offered "Time Served, All
Suspended Sentence" across both Proceeding with
his first offer on 2/20/15. Rossmann's 2/21/15
written Counter-offer accepted with the simple change
of the D.C. Code No — ——— P. 5 — Pleading to a
Misdemeanor to preserve Defendant's law licensing, among other
reasons.

C.
☒.   ASSIGNED COUNSEL FERGUSON EVANS, ESQ.
HAS GROSSLY MALPRACTICED IN THE local
PROCEEDING, AND TONY MILES, ESQ., ATTORNEY
IN THE PUBLIC DEFENDER'S OFFICE, ON NOTICE
OF SUCH FAILINGS, HAS NOT YET
"PICKED UP THE SLACK," ALL TO ROSSMANN'S
GREAT PREJUDICE.

        AS SPECIFIED IN TWO (2) OR MORE PRIOR
ONE (1) OR MORE
MOTION FILINGS IN D.C. SUP. CT., & IN THIS
COURT, FERGUSON EVANS, ESQ. HAS BOTH (A)
GONE "ON STRIKE" & SINCE THE local COURT
DENIED HIS UNSUPPORTED AND UNSUPPORTABLE
MOTION TO "WITHDRAW" ON 2/18/15, AND (B)
CONTINUED A PRIOR, SEVERAL MONTH PATTERN OF
LEGAL MALPRACTICE, RAMPING HIS ERRORS, AND



DESTROYING CRITICAL FILINGS SUCH AS THE RECENT "FIRST MOTION TO DISMISS" FILED AND DIRECTED BY ROSSMANN THIS WEEK WITH VERY LITTLE EXHIBIT SUPPORT PROVING HIS INNOCENCE AND MORE. (6A) AN AMENDED MOTION TO DISMISS (MTD) FILING WILL BE REQUIRED, ALONG WITH ⟨A⟩ SEVERAL OTHER TRIAL PREPARATION, AND |OTHER| ESSENTIAL LITIGATION TASKS, THAT EVANS AGREED TO, THEN REFUSED, THEN SABOTAGED. SEE, E.G, THE 3/14/15 - DATED EMERGENCY MOTION FILED IN D.C. SUPERIOR COURT SEEKING EVANS'S IMMEDIATE TERMINATION, APPOINTMENT OF SUBSTITUTE COUNSEL, AND BRIEFING TOWARD SANCTIONS AGAINST EVANS.

THE BREADTH AND DEPTH OF EVANS' FAILURES ⟨ARE⟩ STUNNING, AND INCLUDE EVERYTHING FROM THE MOST MUNDANE TO THE MOST CRITICAL ASPECTS OF TRIAL

---

(6A) LOCAL GOVERNMENT OFFICIALS OR LEGAL "AGENTS", TO INCLUDE PUTATIVE "STAY AWAY ORDER" - "VICTIM", SERGEY IVANOV, ARE WELL EVIDENCED AS COMPROMISED AND VERY POSSIBLY RESPONSIBLE, IN WHOLE OR PART, FOR THE "INSIDE" AND —— P. 6A —— THREATENING EMAILS ATTRIBUTED                                  TO BLWD ROSSMANN, USA,

PREPARATION?

1 — PHOTOCOPY SERVICES

2 — MAILING SERVICES

3 — FILING SERVICES

(6B)

4 — EXPERT WITNESS / IDENTIFICATION, AUTHOR-
IZATION, AND PREPARATION SERVICES

5 — LAY-WITNESS IDENTIFICATION, SUBPOENA,
AND LOCATION SERVICES

6 — TRIAL STRATEGY SERVICES

(6C)

7 — Typing Services

8 — Motion Drafting, Editing, or
    Contribution Services

9 — Legal Research Services

(60)

— P. 60 —

10 — EXHIBIT SELECTION, DOCUMENTATION, PRODUCTION
SERVICES (GE)

11 — DISCOVERY SERVICES

12 — PRE-TRIAL SERVICES

(GE) FOR EXAMPLE, BRUCE ROSSMANN HAS REQUESTED THE
2/2015- DATED EMAILS AND ATTACHMENTS ON WHICH THIS FEDERAL
COURT PROCEEDING WAS BROUGHT AND THE 2/18/15 DETENTION
HEARING PROCEEDINGS PROCEEDED IN LOCAL COURT. ROSSMANN
REQUESTED THESE DOCUMENTS P, bE — SEVERAL TIMES from
EVANS IN WRITING. EVANS HAS REFUSED AND ALLOTTED PROPERTY.

13 — FILE COPY, DOCUMENT ORGANIZATION SERVICES

14 — ORAL ARGUMENT, IN-COURT ADVOCACY
SERVICES

15 — ESSENTIAL, OTHER "INVESTIGATOR" SERVICES

EVANS DID NOT JUST DO A POOR JOB ON
ONE OR MORE OF THESE TASKS, AND ON MULTIPLE
OCCASIONS, HE OUTRIGHT REFUSED TO EVEN ATTEMPT
SUCH SERVICE DELIVERY ACROSS ALL OF THE CATE-
GORIES ONE OR MORE TIMES, ⓖⒻ
                        (THE D.C. SUPERIOR)
    DESPITE ~~PRELIMINARY~~ COURT'S IMPLICIT ADMONITION
ON 2/18/15 WHEN IT SUMMARILY DENIED EVANS'
_____
ⓖⒻ AS NOTED, EVANS OFFERED MANY OF THESE SER-
VICES, UNSOLICITED, ROSSMANN AGREED, AND THEN BOTH
                                      [SERVICES]
FAILED TO PERFORM AND ACTIVELY REFUSED OR UNDERMINED
                                         "FIRST"
PREVIOUSLY — AGREED DELIVERABLES SUCH AS THE ~~A~~ MOTION TO
DISMISS, JUST FILED, — P. 6F — AND THE AMENDED MTD
                                     FILED IN LOCAL COURT.

UNSUPPORTED, AND UNSUPPORTED, AND ALSO TO

"WITHDRAW" —— THE COURT NOTING TO MR. EVANS

THAT "THIS CASE IS HARD ENOUGH" AND LATER

CONFIRMING THE DIRECT PREJUDICE TO ROSSMANN'S

LEGAL DEFENSE RESULTING FROM HIS CONTINUING

DETENTION, AND WITHOUT POSSIBILITY OF RELEASE FOR

180 DAYS —— EVANS HAS GONE "ON STRIKE".

FURTHER, HE HAS CONTINUED A PATTERN

PRE-2/18/2015 THAT ALTOGETHER DEFINES A BODY

OF CIRCUMSTANTIAL EVIDENCE OF ACTIVE UNDERMINING

OF ROSSMANN'S LEGAL DEFENSE. HIS CONFLICTS OF

INTEREST NOT YET PROVEN, EVANS STILL SUFFERS

A LONG-RUNNING TALLY OF PREJUDICIAL MISCONDUCT

TOWARD BRUD ROSSMANN. SEE DEFENDANT'S

EMERGENCY PRE-TRIAL MOTION TO TERMINATE THE

REPRESENTATION OF FERGUSON EVANS, ESQUIRE ON

GROUNDS OF "INEFFECTIVE ASSISTANCE OF COUNSEL"

AND SCHEDULE BRIEFING ON SANCTIONS, 3/14/15,

D.C. SUPERIOR COURT, U.S. V. ROSSMANN (66), BRUD,

CRIMINAL NO. 2014-CMD-019054.

(66)

---

IN BOTH THIS PROCEEDING AND THE LOCAL COURT,

THE GOVERNMENT CONTINUES TO MISSPELL DEFENDANT'S

GIVEN, LEGAL NAME: "BRUD RUDOLPH ROSSMANN".

## III. ARGUMENT

A.  THE 5TH AND 6TH AMENDMENT DEMAND (7)
ESSENTIAL PROTECTIONS OF BRUD ROSSMANN.

WITH EVANS "ON STRIKE" AND WORSE, AND
BRUD ROSSMANN'S DETENTION WITHOUT BOND
ADMITTED BY THE LOCAL JUDICIARY AS MATERIALLY
PREJUDICING HIS ABILITY WITH COUNSEL TO LEGALLY
DEFEND HIMSELF, DUE PROCESS AND THE SIXTH
AMENDMENT REQUIRE TRULY EFFECTIVE ASSISTANCE
OF COUNSEL FROM THE PUBLIC DEFENDER'S OFFICE.
MORAN V. BURBINE, 475 U.S. 412 (1986);
MICHIGAN V. JACKSON, 475 U.S. 625, 629
N. 3 (1986).

_____

(7)  FOR VERY LIMITED ACCESS TO JAIL LAW
LIBRARY LEGAL RESEARCH CAPABILITIES, AND UNLAW-
FULLY REFUSED LEGAL RESEARCH FROM COUNSEL EVANS,
PREVIOUSLY-AGREED,  P. 7  CITATIONS TO CASE LAW,
OTHER RELEVANT LEGAL AUTHORITY ARE SPARSE.

To Date, Tony Miles, Esq., The Assigned Public Defender "Attorney", Has Not Picked Up The Slack For Evans' Gross Failures. And, As The D.C. Superior Court Itself Noted on 2/18/2015, Brud Rossmann Cannot Do So In Several, Critical Ways Because of His Detention Without Bond.

Accordingly, A Sixth Amendment "Gap" Exists Of Which Miles Has Been Noticed In Writing Via Several Motion Filings By Rossmann in Federal Court over Several Weeks, And Via Written Correspondence To Miles From Brud Ross- mann Also over Several Weeks. Compare Johnson v. U.S., 746 A.2d 349, 354 (D.C. 2000); with Ali v. U.S., 581 A.2d 368, 379-80 (D.C. 1990); with (7A) Wingate v. U.S., 669 A.2d 1275, 1284 (D.C. 1995).

(7A) Faretta counsel (A Defendant Proceeding "Pro Se") Can Bring Sixth Amendment "Ineffective Assistance" —— P. 7A — Claims. Id.

B.  The Higher Standard for Injunctive Relief(9) is Met on (A) the Prior Pattern of Blatant Malpractice, (B) De Facto Consolidation of the Proceedings and Notice to Tony Miles, Esq., and (C) Imminent Irreparable Harm that Will Follow if the Writ Does Not Issue.

Trial is Fast Approaching in the Local Proceedings and 50/70-Day "Speedy Trial" Deadlines in the Instant Case Promise Two (2), Back-to-Back Trials, WITH Pre-Trial Motion Practice, AND Arcane AND Sophisticated Technology Evidentiary Questions; No Effective or Even Meaningfully Attempted HAS BEEN PROVIDED Attorney, Legal-Services Support, to Date, Months After the Local Charge was Brought.

⑨ Given the Refusal of Legal Research Services, Defendant has No Case Law Setting Forth the Precise Wording of the Standard for the Specific Form of Injunctive Relief Requested Here: A Writ of Mandamus. p. ⑧ — Accordingly, the Local Jurisdiction's 4-part Inj. Relief Std. is Used,

AND   WEEKS AFTER THIS PROCEEDING WAS ~~INSTIGATED~~
INITIATED, BOTH EVANS AND MILES HAVE FAILED TO
CONTRIBUTE A SINGLE POSITIVE EFFORT OF ANY
MOMENT. (9A) ~~SEE//ALSO///SEE/ALSO~~ WILLIAMS V. U.S., 725
A.2D 455 (D.C. 1999).

WHILE MILES HAS ACTED AS MESSENGER
IN THE FIRST 2/20/15 EXCHANGE WITH GEE
ON THE GOVERNMENT'S INITIAL PLEA OFFER,
HIS [(i)] IGNORANCE OF RE-PLEADING OPTIONS UNDER
D.C. CODE TO EFFECT A SUSPENDED SENTENCE
OFFERED BY GEE ON 2/20/15, AND) [(ii)] ACQUIESENCE ~~ALLOWISSION~~
IN ROSSMANN'S UNLIMITED DETENTION WITHOUT
BOND, [ON 2/18/15] WITHOUT THE GOVERNMENT EVER PROFER-
RING A SINGLE EMAIL OR ANY PROOF OF
ITS CHARGES, (AND) [INSTEAD RELYING ONLY ON] DISTORTED EMAIL
EXCERPTS [EFFECTIVELY] SANITIZING CRITICAL IP ADDRESS-
ING, AND OTHER REQUIRED NETWORK
FORENSIC DATA), ARE BUT TWO (2) CRITICAL
FAILINGS OF MILES TO DATE. SEE II. C. SUPRA.

ERRORS OF OMISSION, I.E. FAILING TO TAKE
STEPS REQUIRED FOR A SOUND OR "EFFECTIVE"

(8B) (8A) EVANS' FAILURES HAVE BEEN EGREGIOUS,
MILES HAVE BEEN MORE SUBTLE, FAILING TO "CLOSE
THE GAP" CREATED BY __8A__ EVANS, AND WHEN
NOTICED TO MILES — P. 8B — FOR WEEKS.

LEGAL DEFENSE, DEFINE MILES' MISTAKES TO
DATE (9) AS THE TWO-TRACK, PLEA BARGAIN
AND TRIAL, SCHEDULE ACCELERATES & COMPARE
MATTHEWS, 629 A. 2D AT 1194 (FAILURE TO
INTERVIEW TWO POTENTIAL DEFENSE WITNESSES);
WITH HOLLIS V. U.S., 623 A. 2D 1229 (D.C.
1993) (COUNSEL FAILED TO CALL WITNESSES WHO
COULD PROVIDE EXCULPATORY TESTIMONY);
WITH SMITH V. U.S., 608 A. 2D 129 (D.C.
1992) (COUNSEL FAILURE TO CROSS-EXAMINE);
WITH McADOO V. U.S., 515 A. 2D 412, 419
(D.C. 1986); WITH GILLIS V. U.S, 586 A. 2D
726, 729 (D.C. 1991); WITH WRIGHT V.
U.S., 717 A. 2D 304 (D.C. 1998);
WITH WASHINGTON V. U.S, 689 A. 2D 568,
571-73 (D.C. 1997)

⊗ ⊗ (9) THE 3/14/15-DATED EMERGENCY MOTION
FILED IN D.C. SUP. COURT TO TERMINATE EVANS LISTS
A HOST OF FAILINGS [9] CHARGED TO EVANS, AND
REFERENCING MILES ⊗ ONLY IN PASSING. IT IS
~~XXXXXXXXXX~~ P. ⊗ — EXPRESSLY X INCORP-
ORATED                    BY REFERENCE.

These errors of omission, ~~with~~ when paired with Evans' blatant legal malpractice, rise to the level ~~that support~~ of required injunctive relief.

The four-part standard (9A) for any injunctive relief, and a writ of mandamus here, is met:

1— IRREPARABLE HARM:

Without Miles filling the glaring hole in legal support services effected by Ferguson Evans to date, the combined "ineffective assistance of counsel" prejudice will compound and spread as a function of two (2) separate proceedings, trial

the merits

(9A) Without citation for lack of any legal research support from either Evans or Miles, and very limited jail law library legal research access to date, this local jurisdiction 4-part test is standard in several jurisdictions, an extended version of the 2-part test featuring (A) irreparable harm and (B) likely success on

P. 9A

DATES IN APRIL AND MAY, 2015, AND UNMANAGE-
ABLE AND WHIPSAWED WORK BURDENS ALL
PLACED EFFECTIVELY ON A DETAINED, AND
SO ARTIFICIALLY BUT <u>NECESSARILY</u> "INEFFECTIVE"
[HIS OWN]
BRUD ROSSMANN AS COUNSEL. DISPOSITIVE PROOF,
EXHIBITS AND EXPERT WITNESS TESTIMONY
INCLUDED, WILL NEVER BE ADDUCED, ALONG
WITH OTHER DEFINITIVE PROOF OF DEFENDANT
INNOCENCE.

2 — <u>LIKELIHOOD OF SUCCESS ON THE MERITS</u>:

EVANS HAS CONFESSED TO MALPRACTICE
VIA HIS REPEATED, CONTEMPORANEOUSLY
[ESSENTIAL]
MEMORIALIZED OFFERS OF LEGAL SERVICES,
AND HIS MATCHED, REPEATED FAILURES TO
PROVIDE SUCH OFFERED AND AGREED SERVICES.
SEE [E.G.] 3/14/15 — DATED EMERGENCY MOTION,
EXH. #2, D.C. SUP. CT, U.S. v ROSSMAN,
2014 — CMD — 019054. (9B)

_____

(9B) EVANS OFFERED ALL OF THESE SERVICES,
AND MORE, 2/3/15 AND OTHER DATES, AND THEN
REFUSED SAME OR AFFIRMATIVELY UNDERMINED THESE
DELIVERABLES TO INCLUDE P. 9B — THE DISPOSITIVE
MOTION TO DISMISS            FILINGS,

As the "Silent Partner" of Evans, and Defendant, in this effectively consolidated proceeding, Miles' failures follow the confessed errors of Evans. With written notice received by Miles over many weeks, and on many occasions, but no assistance provided to Defendant on trial preparation at all (or otherwise), Miles' likely "failure on the merits" is a matter of public RECORD.

3 — Balance of Harms:

There is no harm to the Public Defender's Office from "doing its job". As Defendant's motions to dismiss make clear, as did many prior motion filings, the Public Defender's office has been remiss in NOT securing [A] expert witness, NOT facilitating the delivery to Rossmann of critical exhibit proof of Brud Rossmann's innocence, and otherwise NOT providing essential attorney and legal defense services.

(9C)

— P. 9C —

4 - THE PUBLIC INTEREST:

THE PUBLIC INTEREST CAN ONLY BE SERVED IF THE WRIT ISSUES, SERVING BOTH FIFTH AND SIXTH AMENDMENT ESSENTIAL DEFENDANT PROTECTIONS, AND JUDICIAL ECONOMY.

DEFENDANT WILL LIKELY APPEAL ANY DISPOSITION PREDICATED ON EVANS OR MILES' LEGAL MALPRACTICE, THE MATTER WILL BECOME PROTRACTED, AND JUDICIAL (AND TAXPAYER) RESOURCES WILL BE SQUANDERED FOR THE ABSENCE OF OBVIOUS, INARGUABLE, AND CRITICAL LEGAL SERVICES SUPPORT.

(9D)

## IV. CONCLUSION

FOR THE AFOREMENTIONED REASONS,
DEFENDANT'S MOTION SHOULD BE GRANTED.
A WRIT OF MANDAMUS SHOULD ISSUE.

WITNESS TO MAILING:

JOHN CANOLE
DC # 333308

(10)

RESPECTFULLY SUBMITTED,

x _____, 3/15/15
BRUN ROSSMANN, ESQ.
D.C. # 348155
DATE: 3/15/15

# CERTIFICATE OF SERVICE

I, BRUD ROSSMANN, ESQ., ON THIS (1)
15TH DAY OF MARCH, 2015, I ATTEMPTED,
IN GOOD FAITH, TO SERVE A TRUE COPY OF
THE FOREGOING MOTION FOR A WRIT OF MANDAMUS
ON THE FOLLOWING:

1— TODD GEE, ESQ.
ASST. U.S. ATTORNEY
U.S. ATTORNEY'S OFFICE
555 4TH ST., N.W.
WASHINGTON, D.C. 20530

x _____, 3/15/15
BRUD ROSSMANN, ESQ.
D.C. # 348155

(1) FOR LACK OF ACCESS TO THE PHOTOCOPYING
FACILITIES, AND MAILING ENVELOPES, AND THE REFUSAL
OF D.C. SUP. CT. COUNSEL TO PROVIDE SAME AS
AGREED, I COULD — P. 1 — NOT SERVE GEE.